# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD C. HILLMAN and MICHAEL E. MECSAS,  <br> Plaintiffs <br><br> v. <br><br> SCHNADER HARRISON SEGAL & LEWIS, LLP, ROBERT L. COLLINGS, MARILYN Z. KUTLER, DAVID SMITH, RALPH G. WELLINGTON, MARGARET S. WOODRUFF and ALL OTHER PARTNERS OF SCHNADER HARRISON SEGAL & LEWIS[1] <br> Defendants | Civil Action No. 03cv12345 RGS |

## ANSWER

Defendants, Schnader Harrison Segal & Lewis LLP, Robert L. Collings, Marilyn Z.

Kutler, David Smith, Ralph G. Wellington, Margaret S. Woodruff, and all other partners of

Schnader Harrison Segal & Lewis named as defendants[2] ("defendants") hereby respond to the

---

[1] James E. Abraham, Elizabeth K. Ainslie, Lindsey D. Alton, Stephen J. Anderer, Thomas D. Arbogast, John M. Armstrong, Richard A. Barkasy, Jeanne Schubert Barnum, Peter H. Beaman, David R. Berk, Jeffrey I. Bernstein, Michael G. Bock, Arthur N. Brandolph, Barry E. Bressler, Gregory W. Buhler, Andrea Hyatt Callan, M. Christine Carty, Marc S. Cornblatt, Ronald S. Cusano, Albert S. Dandridge III, Kenneth R. DeRosa, Benjamin P. Deutsch, Joseph J. Devine, Diana S. Donaldson, Stephen H. Dye, Jeffrey L. Eichen, Robert D. Feder, Walter B. Ferst, Elise A. Fialkowski, Richard A. Fineman, Glenn D. Fox, John K. Gisleson, Allan D. Goodridge, Peter S. Greenberg, Megan E. Harmon, Cristopher Charles Hoel, Jennifer DuFault James, Anne E. Kane, Ronald E. Karam, David E. Kenty, Richard W. Kessler, Wilber L. Kipnes, Joan T. Kluger, Bernard B. Kolodner, Peter C. Langenus, William L. Leonard, Nicholas J. LePore III, Jeffrey W. Letwin, Saul Levit, Dionna K. Litvin, Theresa E. Loscalzo, William J. Maffucci, Michael J. Mangan, Edward J. McBridge, Jr., George E. McGrann, Martin Mendelsohn, James R. Meyer, Albert Momjian, Mark A. Momjian, Alexander P. Moon, Leo J. Murphy, Michael G. Neri, Judith F. Olson, Nicholas N. Price, Neil Proto, Kenneth R. Puhala, Nicole M. Reimann, Kenneth I. Rosenberg, Bruce A. Rosenfield, Denna Jo Schneider, Allan B. Schneirov, H. Lee Schwartzberg, Jr., J. Denny Shupe, Samuel W. Silver, Eric T. Smith, Carl A. Solano, J. Robert Stoltzfus, Clinton A. Stuntebeck, Dennis R. Suplee, Sherry A. Swirsky, Jerry L. Tanenbaum, Paul N. Tauger, Gregory H. Teufel, Paul H. Titus, George N. Tompkins III, Anthony J. Watkins, Nancy M. Weinman, Stewart M. Weintraub, Keith E. Whitson, Nancy Winkelman, Maureen C. Zemel.

[2] James E. Abraham, Elizabeth K. Ainslie, Lindsey D. Alton, Stephen J. Anderer, Thomas D. Arbogast, John M. Armstrong, Richard A. Barkasy, Jeanne Schubert Barnum, Peter H. Beaman, David R. Berk, Jeffrey I. Bernstein,

Complaint filed by the plaintiffs Donald C. Hillman and Michael E. Mecsas ("plaintiffs"), as follows:

## INTRODUCTION

Defendants deny the allegations contained in the introduction of the Complaint, except insofar as they admit that plaintiffs are members of the Massachusetts bar and that the law firm of Schnader Harrison Segal & Lewis LLP ("Schnader Harrison") is a limited liability partnership with a principal place of business in Philadelphia which entered an agreement with the fourteen shareholders of the Boston law firm, Goldstein & Manello, P.C. ("G&M") in January 2000 and that certain of the named individual defendants are partners of Schnader Harrison and others are employees of Schnader Harrison. Defendants further admit that plaintiffs were shareholders of G&M, who became partners of Schnader Harrison.

## PARTIES

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

---

Michael G. Bock, Arthur N. Brandolph, Barry E. Bressler, Gregory W. Buhler, Andrea Hyatt Callan, M. Christine Carty, Marc S. Cornblatt, Ronald S. Cusano, Albert S. Dandridge III, Kenneth R. DeRosa, Benjamin P. Deutsch, Joseph J. Devine, Diana S. Donaldson, Stephen H. Dye, Jeffrey L. Eichen, Robert D. Feder, Walter B. Ferst, Elise A. Fialkowski, Richard A. Fineman, Glenn D. Fox, John K. Gisleson, Allan D. Goodridge, Peter S. Greenberg, Megan E. Harmon, Cristopher Charles Hoel, Jennifer DuFault James, Anne E. Kane, Ronald E. Karam, David E. Kenty, Richard W. Kessler, Wilber L. Kipnes, Joan T. Kluger, Bernard B. Kolodner, Peter C. Langenus, William L. Leonard, Nicholas J. LePore III, Jeffrey W. Letwin, Saul Levit, Dionna K. Litvin, Theresa E. Loscalzo, William J. Maffucci, Michael J. Mangan, Edward J. McBridge, Jr., George E. McGrann, Martin Mendelsohn, James R. Meyer, Albert Momjian, Mark A. Momjian, Alexander P. Moon, Leo J. Murphy, Michael G. Neri, Judith F. Olson, Nicholas N. Price, Neil Proto, Kenneth R. Puhala, Nicole M. Reimann, Kenneth I. Rosenberg, Bruce A. Rosenfield, Denna Jo Schneider, Allan B. Schneirov, H. Lee Schwartzberg, Jr., J. Denny Shupe, Samuel W. Silver, Eric T. Smith, Carl A. Solano, J. Robert Stoltzfus, Clinton A. Stuntebeck, Dennis R. Suplee, Sherry A. Swirsky, Jerry L. Tanenbaum, Paul N. Tauger, Gregory H. Teufel, Paul H. Titus, George N. Tompkins III, Anthony J. Watkins, Nancy M. Weinman, Stewart M. Weintraub, Keith E. Whitson, Nancy Winkelman, Maureen C. Zemel.

3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint, except they admit that Schnader Harrison is a law firm organized as a Pennsylvania Limited Liability Partnership with a principal place of business at 1600 Market Street, Philadelphia, Pennsylvania and that Schnader Harrison has offices in Washington, D.C.; New York, New York; Cherry Hill, New Jersey; San Francisco, California; and Norristown and Pittsburgh, Pennsylvania.

4.    Admitted.

5.    Defendants deny the allegations contained in Paragraph 5 of the Complaint, except they admit Marilyn Z. Kutler is a partner of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Defendants deny the allegations contained in Paragraph 9 of the Complaint, except they admit James E. Abraham is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

10.    Admitted.

11.    Defendants deny the allegations contained in Paragraph 11 of the Complaint, except they admit Lindsey D. Alton is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

12.    Defendants deny the allegations contained in Paragraph 12 of the Complaint, except they admit Stephen J. Anderer is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

13.    Admitted.

14.    Admitted.

15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint, except they admit Richard A. Barkasy is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New Jersey office.

16.    Defendants deny the allegations contained in Paragraph 16 of the Complaint, except they admit Jeanne Schubert Barnum is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New Jersey office.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint, except they admit Peter H. Beaman is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

18.    Admitted.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint, except they admit Jeffrey I. Bernstein is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint, except they admit Michael G. Bock is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

21.    Admitted.

22.    Admitted.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint, except they admit Gregory W. Buhler is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New York office.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint, except they admit Andrea Hyatt Callan is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint, except they admit Kenneth R. DeRosa is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint, except they admit Benjamin P. Deutsch is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New York office.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint, except they admit Joseph J. Devine is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

32. Admitted.

33. Admitted.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint, except they admit Jeffrey L. Eichen is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint, except they admit Robert D. Feder is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

36.    Admitted.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint, except they admit Elise A. Fialkowski is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Admitted.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint, except they admit John K. Gisleson is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

41.    Admitted.

42.    Admitted.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint, except they admit Megan E. Harmon is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint, except they admit Cristopher Charles Hoel is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint, except they admit Jennifer DuFault James is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint, except they admit Anne E. Kane is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Admitted.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint, except they admit Joan T. Kluger is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint, except they admit Bernard B. Kolodner is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

53.    Admitted.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Admitted.

56.    Admitted.

57.    Admitted.

58.    Defendants deny the allegations contained in Paragraph 58 of the Complaint, except they admit Dionna K. Litvin is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

59.    Admitted.

60.    Admitted.

61.    Admitted.

62.    Defendants deny the allegations contained in Paragraph 62 of the Complaint, except they admit Edward J. McBride, Jr. is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New Jersey office.

63.    Admitted.

64.    Admitted.

65.    Admitted.

66.    Admitted.

67.    Admitted.

68.    Defendants deny the allegations contained in Paragraph 68 of the Complaint, except they admit Alexander P. Moon is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New York office.

69.    Admitted.

70.    Admitted.

71.    Defendants deny the allegations contained in Paragraph 71 of the Complaint, except they admit Judith F. Olson is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

72.    Admitted.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint, except they admit Neil Proto is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Washington, D.C. office.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint, except they admit Kenneth R. Puhala is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New York office.

75.     Admitted.

76.     Admitted.

77.     Admitted.

78.     Admitted.

79.     Admitted.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint, except they admit H. Lee Schwartzberg is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

81.     Admitted.

82.     Admitted.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint, except they admit Eric T. Smith is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsbugh office.

84.     Admitted.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint, except they admit J. Robert Stoltzfus is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint, except they admit Jerry L. Tanenbaum is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New Jersey office.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint, except they admit Paul N. Tauger is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's San Francisco office.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint, except they admit Gregory H. Teufel is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

92.     Admitted.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint, except they admit George N. Tompkins III is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's New York office.

94.     Admitted.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint, except they admit Nancy M. Weinman is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Philadelphia office.

96.     Admitted.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint, except they admit Keith E. Whitson is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

98.     Admitted.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint, except they admit Maureen C. Zemel is an income partner, and as such, an employee of Schnader Harrison who practices law at Schnader Harrison's Pittsburgh office.

## FACTUAL CONTEXT

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint, except they admit that Schnader Harrison was formed in 1935.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint except that Defendants admit that Schnader Harrison and the fourteen shareholders of G&M entered into an agreement dated as of January 14, 2000 ("January 14, 2000 Agreement"). Defendants refer the Court to the January 14, 2000 Agreement and to the Schnader Harrison Partnership Agreement, as amended through December 23, 1999, referenced in Paragraph 104 of the Complaint, as well as other exhibits and schedules to the January 14, 2000 Agreement, for their proper interpretation.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint and defendants refer the Court to the January 14, 2000 Agreement referenced in Paragraph 105 of the Complaint and exhibits thereto for its proper interpretation.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint and defendants refer the Court to the January 14, 2000 Agreement and the Deferred Compensation

Agreement attached as Exhibit C thereto and referenced in Paragraph 106 of the Complaint for their proper interpretation. Plaintiffs have failed to attach as exhibits any alleged individual Deferred Compensation Agreements with Schnader Harrison, either their own or those of any other Schnader Harrison Goldstein & Manello partner.

107.    Admitted.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint, except they admit that the terms of the Schnader Harrison Partnership Agreement, as amended from time to time, and certain provisions of the January 14, 2000 Agreement governed the relationship of the parties in the years 2000 and 2001.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations that in January 2002, Mecsas decided to withdraw as a partner of Schnader Harrison and that he met with Robert Somma to negotiate the terms of his separation from Schnader Harrison. Defendants admit that a letter dated as of January 21, 2002 was signed by Robert Somma on behalf of Schnader Harrison Goldstein & Manello and also signed by Mecsas. Defendants refer the Court to the January 21, 2002 letter referenced in Paragraph 109 of the Complaint, together with the Deferred Compensation Agreement, the Schnader Harrison Partnership Agreement, as amended through January 16, 2001, and the January 17, 2002 e-mail attached to the January 21 letter, as well as the Cross-Tested Plan Account Value (the calculation of Mecsas's balance in the G&M Profit Sharing Plan as of December 31, 2001), all referenced in the January 21 letter, for its proper interpretation.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint and defendants refer the Court to the January 21, 2002 letter referenced in Paragraph 110 of the

Complaint, together with the Deferred Compensation Agreement, the Schnader Harrison Partnership Agreement as amended through January 16, 2001, the January 17, 2002 e-mail attached to the January 21 letter and the Cross-Tested Plan Account Value (the calculation of Mecsas's balance in the G&M Profit Sharing Plan as of December 31, 2001), all referenced in the January 21 letter, for its proper interpretation.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint and defendants refer the Court to the January 21, 2002 letter referenced in Paragraph 111 of the Complaint, together with the Deferred Compensation Agreement, the Schnader Harrison Partnership Agreement, as amended through January 16, 2001, and the January 17, 2002 e-mail attached to the January 21 letter, as well as the Cross-Tested Plan Account Value (the calculation of Mecsas's balance in the G&M Profit Sharing Plan as of December 31, 2001), all referenced in the January 21 letter, for its proper interpretation.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth of the allegations that on July 31, 2002, Mecsas received a check for $19,383.41 from Schnader Harrison which he deposited in his bank account. Defendants admit that on or about July 31, 2002, Schnader Harrison made payment to Mecsas in the amount of $19,383.41. Defendants also admit that Schnader Harrison notified Mecsas that this payment had been an error and asked for return of these funds. Notwithstanding Schnader Harrison's request, Mecsas failed to return the funds.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint, except they lack knowledge or information sufficient to form a belief as the truth of the allegations that in June 2002, plaintiff Hillman decided to withdraw as a partner of Schnader Harrison and he met with Robert Somma to negotiate the terms of his separation from Schnader Harrison. Defendants admit that a letter dated as of June 30, 2002 was signed by Robert Somma on behalf of Schnader Harrison Goldstein & Manello and signed by Hillman. Defendants refer the Court to the June 30 letter referenced in Paragraph 118 of the Complaint, together with the Deferred Compensation Agreement, the Schnader Harrison Partnership Agreement, as amended through January 16, 2001, and the June 12, 2002 e-mail attached to the June 30 letter, all referenced in the June 30 letter, as well as the September 4, 2002 letter correcting the June 30 letter, for its proper interpretation.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint and defendants refer the Court to the June 30 letter referenced in Paragraph 119 of the Complaint, together with the Deferred Compensation Agreement, the Schnader Harrison Partnership Agreement, as amended through January 16, 2001, and the June 12, 2002 e-mail attached to the June 30 letter, all referenced in the June 30 letter, as well as the September 4, 2002 letter correcting the June 30 letter, for its proper interpretation.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint and defendants refer the Court to the June 30 letter referenced in Paragraph 120 of the Complaint, together with the Deferred Compensation Agreement, the Schnader Harrison Partnership Agreement, as amended through January 16, 2001, and the June 12, 2002 e-mail attached to the

-14-

June 30 letter, all referenced in the June 30 letter, as well as the September 4, 2002 letter correcting the June 30 letter, for its proper interpretation.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

## JURISDICTION

126.    Defendants reallege, as if fully set forth herein, their responses to Paragraphs 1 through 125, inclusive of the Complaint.

127.    The allegations set forth in Paragraph 127 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    The allegations set forth in Paragraph 128 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

## COUNT ONE
### Breach of Contract
### Mecsas v. Schnader Harrison and Each of Its Partners

130.    Defendants reallege, as if fully set forth herein, their responses to Paragraphs 1 through 129, inclusive of the Complaint.

131.    The allegations set forth in Paragraph 131 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    The allegations set forth in Paragraph 135 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    The allegations set forth in Paragraph 136 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 136 of the Complaint except that, to the extent that any Schnader Harrison partner acted without authorization or in breach of his fiduciary duty to Schnader Harrison, then the January 21 letter was due to one or more negligent or wrongful acts of a Schnader Harrison partner.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

### COUNT TWO
### Breach of Contract
### Hillman v. Schnader Harrison and Each of Its Partners

138.    Defendants reallege, as if fully set forth herein, their responses to Paragraphs 1 through 137, inclusive of the Complaint.

139.    The allegations set forth in Paragraph 139 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    The allegations set forth in Paragraph 143 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    The allegations set forth in Paragraph 144 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations contained in Paragraph 144 of the Complaint, except that, to the extent that any Schnader Harrison partner acted without authorization or in breach of his fiduciary duty to Schnader Harrison, then the June 30 letter was due to one or more negligent or wrongful acts of a Schnader Harrison partner.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because plaintiffs fail to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against the individual partners of Schnader Harrison are barred because this Court lacks personal jurisdiction over the individual defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against defendants are barred by the doctrine of forum non conveniens.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting the causes of action in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action set forth in plaintiffs' Complaint have been waived.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred the doctrine of mutual mistake.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the individual partners of Schnader Harrison are barred by the terms of the January 21, 2002 letter, the June 30, 2002 letter, the Deferred Compensation Agreements and the Schnader Harrison Partnership Agreement, as amended through January 16, 2001.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because plaintiffs failed to provide notice as required by the Deferred Compensation Agreements.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs breached their respective letters of January 21, 2002 and June 30, 2002 and the Deferred Compensation Agreements.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent plaintiffs have any claims against Schnader Harrison, which claims are denied, that arise from the unauthorized acts or the breach of fiduciary duty by any former Schnader Harrison partner, then that partner may be solely liable to plaintiffs for all or part of the claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants hereby put plaintiffs on notice that they intend to rely upon such further defenses as are developed during the course of discovery in this matter. Defendants reserve the right to amend this Answer accordingly.

**WHEREFORE**, the defendants pray that this Court:

1.    Dismiss the Complaint with prejudice;

2.    Award defendants their costs, including reasonable attorneys' fees;

and

3.    Award such other and further relief as the Court deems just and

proper.

> SCHNADER HARRISON SEGAL & LEWIS
> LLP, ROBERT L. COLLINGS, MARILYN Z.
> KUTLER, DAVID SMITH, RALPH G.
> WELLINGTON, MARGARET S. WOODRUFF
> and ALL OTHER PARTNERS OF SCHNADER
> HARRISON SEGAL & LEWIS LLP
>
> By their attorneys,
>
> Michael DeMarco (BBO #119960)
> Daniel E. Rosenfeld (BBO #560226)
> Kirkpatrick & Lockhart LLP

75 State Street
Boston, MA 02109
(617) 261-3100

Dated: December 1, 2003

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on _December 1, 2003_

20

# Kirkpatrick & Lockhart LLP

75 State Street
Boston, MA 02109-1808
617.261.3100
www.kl.com

December 1, 2003

Daniel E. Rosenfeld
617.951.9112
Fax: 617.261.3175
drosenfeld@kl.com

**Via Hand Delivery**

Clerk for Civil Business
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA  02210

      Re:    Donald C. Hillman, et al. v. Schnader Harrison Segal & Lewis, LLP, et al.,
              C.A. No. 03cv12345 RGS

Dear Sir or Madam:

    Enclosed for filing and docketing in the above matter please find the following:

1.      Defendants' Answer and

2.      Defendants' Demand for Jury Trial.

    Kindly acknowledge receipt and filing of same by stamping the enclosed copy of this
letter and returning it with our messenger.  Thank you for your assistance with this matter.

                    Very truly yours,

                    Daniel E. Rosenfeld

DER/mas
Enclosures
cc:    Robert C. Gerrard, Esq.

BOS-646899 v1 0516430-0901

BOSTON ▪ DALLAS ▪ HARRISBURG ▪ LOS ANGELES ▪ MIAMI ▪ NEWARK ▪ NEW YORK ▪ PITTSBURGH ▪ SAN FRANCISCO ▪ WASHINGTON