UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD C. HILLMAN and MICHAEL E. MECSAS,
        Plaintiffs

v.

SCHNADER HARRISON SEGAL & LEWIS, LLP, et al.
        Defendants

Civil Action No. 03cv12345 RGS

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT

Defendants, Schnader Harrison Segal & Lewis LLP ("Schnader"), Robert L. Collings, Marilyn Z. Kutler, David Smith, Ralph G. Wellington, Margaret S. Woodruff, and all other partners of Schnader Harrison Segal & Lewis named as defendants[1] ("defendants") submit this

---

[1] James E. Abraham, Elizabeth K. Ainslie, Lindsey D. Alton, Stephen J. Anderer, Thomas D. Arbogast, John M. Armstrong, Richard A. Barkasy, Jeanne Schubert Barnum, Peter H. Beaman, David R. Berk, Jeffrey I. Bernstein, Michael G. Bock, Arthur N. Brandolph, Barry E. Bressler, Gregory W. Buhler, Andrea Hyatt Callan, M. Christine Carty, Marc S. Cornblatt, Ronald S. Cusano, Albert S. Dandridge III, Kenneth R. DeRosa, Benjamin P. Deutsch, Joseph J. Devine, Diana S. Donaldson, Stephen H. Dye, Jeffrey L. Eichen, Robert D. Feder, Walter B. Ferst, Elise A. Fialkowski, Glenn D. Fox, John K. Gisleson, Allan D. Goodridge, Peter S. Greenberg, Megan E. Harmon, Cristopher Charles Hoel, Jennifer DuFault James, Anne E. Kane, Ronald E. Karam, David E. Kenty, Richard W. Kessler, Wilber L. Kipnes, Joan T. Kluger, Bernard B. Kolodner, Peter C. Langenus, Nicholas J. LePore III, Jeffrey W. Letwin, Saul Levit, Dionna K. Litvin, Theresa E. Loscalzo, William J. Maffucci, Michael J. Mangan, Edward J. McBride, Jr., George E. McGrann, Martin Mendelsohn, James R. Meyer, Albert Momjian, Mark A. Momjian, Alexander P. Moon, Leo J. Murphy, Michael G. Neri, Judith F. Olson, Nicholas N. Price, Neil Proto, Kenneth R. Puhala, Nicole M. Reimann, Kenneth I. Rosenberg, Bruce A. Rosenfield, Denna Jo Schneider, Allan B. Schneirov, H. Lee Schwartzberg, Jr., J. Denny Shupe, Samuel W. Silver, Eric T. Smith, Carl A. Solano, J. Robert Stoltzfus, Clinton A. Stuntebeck,

Statement of Undisputed Material Facts in Support of their Motion for Judgment on the Pleadings and/or for Summary Judgment. The record support for each fact set forth below is based on the Complaint and the Declaration of Diana S. Donaldson ("Donaldson Dec."), which is filed contemporaneously herewith.

1. Schnader is a law firm organized as a Pennsylvania limited liability partnership with a principal place of business at 1600 Market Street, Philadelphia, Pennsylvania. (Donaldson Dec. ¶ 3).

2. Schnader also has offices in Washington, D.C.; New York, New York; Cherry Hill, New Jersey; San Francisco, California; and Norristown and Pittsburgh, Pennsylvania. (Donaldson Dec. ¶ 3).

3. In January 2000, Schnader entered an agreement with the fourteen shareholders of a Boston law firm organized as a professional corporation, Goldstein & Manello, P.C. ("G&M"), dated as of January 14, 2000 ("January 14, 2000 Agreement"). (Donaldson Dec. ¶ 4).

4. As a result of the January 14, 2000 Agreement, Schnader opened a Boston office under the trade name Schnader Harrison Goldstein & Manello ("SHGM") and the G&M shareholders became partners of Schnader. (Donaldson Dec. ¶ 5).

5. Under the terms of the January 14, 2000 Agreement, the former G&M shareholders were each assigned a capital account of a scheduled amount and were given a deferred compensation agreement. (Donaldson Dec. ¶ 6).

---

Dennis R. Suplee, Sherry A. Swirsky, Jerry L. Tanenbaum, Paul N. Tauger, Gregory H. Teufel, Paul H. Titus, George N. Tompkins III, Anthony J. Watkins, Nancy M. Weinman, Stewart M. Weintraub, Keith E. Whitson, Nancy Winkelman, Maureen C. Zemel. Richard Fineman and William L. Leonard are named as defendants but have not been properly served and thus are not before the Court.

6. Michael E. Mecsas ("Mecsas") and Donald C. Hillman ("Hillman") were among the 14 shareholders of G&M who became partners of Schnader. (Donaldson Dec. ¶ 7).

7. Within approximately two years of joining Schnader, Mecsas decided to leave Schnader; Hillman decided to leave six months after Mecsas left. (Complaint ¶¶ 109, 118).

8. In connection with Mecsas's departure from Schnader, a letter dated January 21, 2002, was signed by Robert Somma, a former G&M shareholder who was serving as the managing partner of Schnader's Boston office, on behalf of SHGM, and also signed by Mecsas (the "Mecsas Letter"). (Donaldson Dec. ¶ 8).

9. A true and accurate copy of the Mecsas Letter is attached as Exhibit A to the Declaration of Diana S. Donaldson submitted herewith and was attached to the Complaint as Exhibit B. (Donaldson Dec. ¶ 8, Ex. A).

10. The Mecsas Letter is governed by Massachusetts law. (Donaldson Dec. Ex. A ¶ 15).

11. The Mecsas Letter purported to set forth the terms and conditions under which Mecsas was withdrawing as an equity partner of Schnader. (Donaldson Dec. ¶ 9, Ex. A).

12. In connection with Hillman's departure from Schnader, a similar letter dated June 30, 2002, was signed by Robert Somma, at that time managing partner of Schnader, as well as managing partner of the Boston office (SHGM), but signed only for SHGM, and also signed by Hillman (the "Hillman Letter"). (Donaldson Dec. ¶ 10).

13. A true and accurate copy of the Hillman Letter is attached as Exhibit B to the Declaration of Diana S. Donaldson and was attached to the Complaint as Exhibit C. (Donaldson Dec. ¶ 10, Ex. B).

14.   The Hillman Letter is governed by Massachusetts law. (Donaldson Dec. Ex. B ¶ 16).

15.   The Hillman Letter purported to set forth the terms and conditions under which Hillman was withdrawing as an equity partner of Schnader. (Donaldson Dec. ¶ 11, Ex. B).

16.   The Mecsas Letter and the Hillman Letter both provide that any obligation arising from those letters is an obligation of Schnader. (Exs. A & B, ¶¶ 3-4).

17.   The Mecsas Letter and the Hillman Letter both purport to describe the extent to which Mecsas and Hillman would be entitled to funds in their capital accounts in accordance with the provisions of the Firm's Partnership Agreement dated May 31, 1984 (as amended through January 16, 2001). (Donaldson Dec. ¶ 12, Exs. A ¶ 3 & B ¶ 3).

18.   A true and accurate copy of the Partnership Agreement is attached as Exhibit C to the Declaration of Diana S. Donaldson submitted herewith. (Donaldson Dec. ¶ 12, Ex. C).

19.   The Partnership Agreement is governed by Pennsylvania law. (Donaldson Dec. Ex. C. § 12.06).

20.   The Partnership Agreement provides that payments of capital accounts "[s]hall be the liability solely of the Firm, and shall not be the personal liability of the individual partners." (Donaldson Dec. ¶ 13, Ex. C § 11.03).

21.   The Mecsas Letter and the Hillman Letter state that Mecsas's and Hillman's capital accounts were payable in three equal annual installments, beginning one year after the date of departure. (Donaldson Dec. ¶ 14, Exs. A ¶ 3 & B ¶ 3).

22.   For Mecsas, the first installment was allegedly payable January 21, 2003; for Hillman, it was allegedly payable June 30, 2003. (Donaldson Dec. ¶ 14, Exs. A ¶ 3 & B ¶ 3).

23. Additionally, the Mecsas Letter and the Hillman Letter purport to discuss the extent to which Mecsas and Hillman would be entitled to deferred compensation in accordance with the provisions of their respective deferred compensation agreements ("Mecsas Deferred Compensation Agreement" and "Hillman Deferred Compensation Agreement"). (Donaldson Dec. ¶ 15, Exs. A ¶ 4 & B ¶ 4).

24. True and accurate copies of the Mecsas Deferred Compensation Agreement and the Hillman Deferred Compensation Agreement are attached as Exhibits D and E respectively to the Declaration of Diana S. Donaldson submitted herewith. (Donaldson Dec. ¶ 15, Exs. D & E).

25. The Mecsas and Hillman Deferred Compensation Agreements are governed by Pennsylvania law. (Donaldson Dec. Exs. D ¶ 8 & E ¶ 8).

26. The Hillman and Mecsas Deferred Compensation Agreements provide that they are "only an obligation of SHSL, without recourse to the individual partners of SHSL." (Donaldson Dec. ¶ 16, Exs. D ¶ 8(i) & E ¶ 8(i), see Exs. D ¶ 3 & E ¶ 3).

27. The deferred compensation payments set forth in the Hillman and Mecsas Deferred Compensation Agreements were payable semiannually on July 1 and December 1, beginning a year after Mecsas's and Hillman's respective departures. (Donaldson Dec. ¶ 17, Exs. A ¶ 4 & B ¶ 4).

28. Under both the Mecsas and Hillman Letters and the Mecsas and Hillman Deferred Compensation Agreements, the first installment of such payments was allegedly payable to Mecsas and Hillman on July 1, 2003. (Donaldson Dec. ¶ 18, Exs. A ¶ 4 & B ¶ 4).

29. Mecsas alleges in the Complaint that by the terms of the Mecsas Letter he was to receive deferred compensation in 20 equal semi-annual installments commencing on July 1, 2003. (Complaint ¶ 110).

30. According to Mecsas, the computation of the deferred compensation is 20 payments of $19,383.41. (Complaint ¶ 110).

31. On or about July 1, 2002 -- a year early -- Schnader erroneously made payment to Mecsas of the first deferred compensation installment in the amount of $19,383.41. (Donaldson Dec. ¶ 19; Complaint ¶ 114).

32. Mecsas admits that he was paid $19,383.41 on July 1, 2002. (Complaint ¶ 114).

33. Schnader notified Mecsas that this payment was an error and asked for return of these funds. (Donaldson Dec. ¶ 20).

34. Mecsas alleges that when Schnader notified him the payment was an error and asked for return of the funds, Mecsas replied that "[t]he payment should be applied toward the next payment of funds due to Mecsas by SHSL...." (Complaint ¶ 114).

35. Notwithstanding Schnader's request for return of the funds, Mecsas failed to return the funds. (Donaldson Dec. ¶ 21).

36. Accordingly, on the correct date for payment of the first installment of deferred compensation to Mecsas -- July 1, 2003 -- Schnader, having already paid it, did not pay it again. (Donaldson Dec. ¶ 22).

37. Under the Mecsas and Hillman Deferred Compensation Agreements, only certain identified "Acceleration Events" accelerate the installment payments. (Donaldson Dec. ¶ 23, Exs. D ¶ 3 (a)(ii) & E ¶ 3(a)(ii)).

38. The only possibly applicable "Acceleration Event" provides: "An installment payment of deferred compensation shall not be paid when due . . . and such failure shall continue for five days after receipt of notice of such failure by SHSL...." (Donaldson Dec. ¶ 24, Exs. D ¶ 1.19.1 & E ¶ 1.19.1).

39. Under Section 7 of the Deferred Compensation Agreements, such notice must be in writing by hand delivery or certified mail or by telegram, unless there is actual receipt. (Donaldson Dec. ¶ 24, Exs. D ¶ 7 & E ¶ 7).

40. At no time has Mecsas or Hillman ever provided the required notice to Schnader; nor do they allege in the Complaint to have provided such notice. (Donaldson Dec. ¶ 25).

41. Accordingly, no "Acceleration Event" has occurred. *See* ¶¶ 38-40 above.

42. Hillman alleges in the Complaint that "[u]pon information and belief, SHSL does not intend to meet its obligations under the Hillman Separation Agreement." (Complaint ¶ 125).

43. On December 31, 2002, Schnader's Boston office, which was still doing business as SHGM, closed, and, consequently, Schnader no longer maintains an office in Massachusetts. (Donaldson Dec. ¶ 26).

44. On October 20, 2003, both Mecsas and Hillman filed suit in the Superior Court of Massachusetts for breach of contract, seeking to accelerate the capital and deferred compensation payments. They sued not only Schnader, but also Schnader's individual equity and income (employee) partners. (Donaldson Dec. ¶ 27; *see generally* Complaint).

45. There are 96 individual present and former partners of Schnader named in this Complaint: 55 current or former equity partners, 39 current or former income partners (who are only employees of Schnader), and 2 former income partners who were not served. (Donaldson Dec. ¶ 28).

46. The following individual defendants are current income partners: James E. Abraham, Lindsey D. Alton, Stephen J. Anderer, Richard A. Barkasy, Jeanne Schubert Barnum, Peter H. Beaman, Jeffrey I. Bernstein, Michael G. Bock, Gregory W. Buhler, Andrea Hyatt Callan, Kenneth R. DeRosa, Benjamin P. Deutsch, Joseph J. Devine, Robert D. Feder, Elise A.

Fialkowski, John K. Gisleson, Megan E. Harmon, Cristopher Charles Hoel, Jennifer DuFault James, Anne E. Kane, Joan T. Kluger, Dionna K. Litvin, Edward J. McBride, Jr., Alexander P. Moon, Judith F. Olson, Neil Proto, Kenneth R. Puhala, H. Lee Schwartzberg, Jr., Eric T. Smith, J. Robert Stoltzfus, Jerry L. Tanenbaum, Paul N. Tauger, Gregory H. Teufel, George N. Tompkins III, Nancy M. Weinman, Keith E. Whitson, and Maureen C. Zemel. Jeffrey L. Eichen and Bernard B. Kolodner are former income partners who have resigned since October 20, 2003, when the Complaint was filed. (Donaldson Dec. ¶ 29).

47. Schnader's income partners are employees and not owners of the law firm. They make no capital contribution to the firm. As employees, Schnader's income partners are not parties to the Partnership Agreement. (Donaldson Dec. ¶ 30).

48. Alexander P. Moon, Kenneth R. Puhala, Andrea Hyatt Callan, Benjamin P. Deutsch, Dionna K. Litvin, Anne E. Kane, Paul N. Tauger, Gregory H. Teufel, Keith W. Whitson, Maureen C. Zemel, Nancy M. Weinman, and Jeffrey I. Bernstein, all income partners, became partners after the date of the last alleged breach at issue, July 1, 2003. (Donaldson Dec. ¶ 31).

49. Richard Fineman and William L. Leonard, former income partners of Schnader, were not properly served in this case as the summons and Complaint were sent to Schnader's office in Philadelphia when they no longer worked there. Mr. Leonard retired from Schnader as of January 31, 2001. (Donaldson Dec. ¶ 32).

50. None of the individual partner defendants resides in Massachusetts. (Donaldson Dec. ¶ 33).

51. None of the individual partner defendants owns property in Massachusetts. (Donaldson Dec. ¶ 34).

52. None of the individual partner defendants has any business contacts in Massachusetts that give rise to the claims in this case. (Donaldson Dec. ¶ 35).

53. None of the individual partner defendants negotiated the Mecsas Letter or the Hillman Letter. (Donaldson Dec. ¶ 36).

54. None of the individual partner defendants was a signatory to the Mecsas Letter or the Hillman Letter. (Donaldson Dec. ¶ 37).

55. None of the individual partner defendants was a signatory to the Deferred Compensation Agreements, except that they were signed by Ralph G. Wellington in his capacity as chairman of Schnader (Donaldson Dec. ¶ 38).

SCHNADER HARRISON SEGAL & LEWIS LLP, ROBERT L. COLLINGS, MARILYN Z. KUTLER, DAVID SMITH, RALPH G. WELLINGTON, MARGARET S. WOODRUFF and ALL OTHER PARTNERS OF SCHNADER HARRISON SEGAL & LEWIS LLP

By their attorneys,

_____
Michael DeMarco (BBO #119960)
Daniel E. Rosenfeld (BBO #560226)
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated: March 26, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on March 26, 2004