UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD C. HILLMAN )
and MICHAEL E. MECSAS, )
    Plaintiffs )
)
)    Civil Action No. 03cv12345 RGS
v. )
)
SCHNADER HARRISON SEGAL )
& LEWIS, LLP, et al )
    Defendants )
_____)

**RESPONSE TO DEFENDANTS'**
**STATEMENT OF MATERIAL FACTS**

The plaintiffs respond to the statement of the defendants as to the undisputed material facts as follows:

1. Admitted.

2. The plaintiffs have no basis for disagreement with this statement but they have insufficient knowledge as to the truth or falsity of the statement.

3. Admitted.

4. The plaintiffs state that Schnader Harrison Segal & Lewis ("SHSL") took over the Boston offices of Goldstein & Manello ("G&M") and began doing business as Schnader Harrison Goldstein & Manello ("SHGM") as of January 1, 2000. G&M stopped doing business as of January 1, 2000 except to collect receivables for work performed prior to January 1, 2000. The G&M shareholders became partners of SHSL on January 14, 2000 upon surrender of their G&M shares in return for a partnership interest in SHSL.

5. Admitted.

6. Admitted.

7. Admitted.

8. The plaintiffs state that SHGM is not a separate entity but, rather, it is SHSL doing business as SHGM in Boston. Therefore, Robert Somma signed the Mecsas Letter on behalf of SHSL as it was doing business as SHGM in Boston.

9. Admitted except to the extent that the MEM calculation of the deferred compensation installment payments was incorrect because Mecsas' interest in the G&M Profit Sharing Plan had not been calculated as of December 31, 2001 and, therefore, had not been subtracted to arrive at the Net Value of Mecsas' deferred compensation.

10. Admitted.

11. Admitted.

12. The plaintiffs state that SHGM is not a separate entity but, rather, it is SHSL doing business as SHGM in Boston. Therefore, Robert Somma signed the Hillman letter on behalf of SHSL as it was doing business as SHGM in Boston. Further, the plaintiffs state that the Mecsas Letter and the Hillman Letter are similar but not identical.

13. Admitted.

14. Admitted.

15. Admitted.

16. The plaintiffs state that any obligation arising from the Mecsas Letter or the Hillman Letter is an obligation of SHSL as well as an obligation of the individual partners of SHSL.

17. The plaintiffs state that the Mecsas Letter and the Hillman Letter adequately explain their entitlement to funds in their capital accounts. The reference to the SHSL's Partnership

Agreement was to confirm that the provisions of the Letter Agreements were not deviating from the terms of the Partnership Agreements.

18. The plaintiffs state that this fact is irrelevant and immaterial. Further, the plaintiffs state that the version of the Partnership Agreement attached to the Declaration of Diana S. Donaldson is different than the version attached to the January 14, 2000 Agreement.

19. The plaintiffs state that this fact is irrelevant and immaterial.

20. The plaintiffs state that this fact is irrelevant and immaterial.

21. Admitted.

22. The plaintiffs state that there is no question when the first installment was due with respect to the Mecsas and Hillman capital accounts; it was as set forth in the Letter Agreements.

23. The plaintiffs state that the Mecsas Letter and the Hillman Letter adequately explain their entitlement to deferred compensation. The reference to the Deferred Compensation Agreements was to confirm that the provisions of the Letter Agreements were not deviating from the terms of the Deferred Compensation Agreements.

24. The plaintiffs state that this fact is irrelevant and immaterial.

25. The plaintiffs state that this fact is irrelevant and immaterial.

26. The plaintiffs state that this fact is irrelevant and immaterial.

27. The plaintiffs state that this fact is irrelevant and immaterial.

28. The plaintiffs admit that the Letter Agreements provide for a first installment payment of deferred compensation on July 1, 2003. The remaining facts are irrelevant and immaterial.

29. Admitted.

30. Admitted.

31. Admitted

32. Denied as to the date, otherwise admitted.

33. Admitted.

34. Admitted.

35. Mecsas states that he directed SHSL to deduct the erroneous payment from the first installment of his capital account which was due on January 21, 2003. He also offered to pay interest.

36. Denied. The erroneous payment should have been deducted from the January 21, 2003 first installment with respect to Mecsas' capital account. Thus, the full amount of the deferred compensation installment was due and owing on July 1, 2003.

37. The plaintiffs state that this fact is irrelevant and immaterial.

38. The plaintiffs state that this fact is irrelevant and immaterial.

39. The plaintiffs state that this fact is irrelevant and immaterial.

40. Denied.

41. Denied.

42. Admitted.

43. The plaintiffs state that SHSL maintained its Boston office for a period of time after December 31, 2002 for the purpose of winding up its affairs.

44. Admitted.

45. The plaintiffs state that they have no knowledge of the breakdown between equity and income partners of SHSL.

46. The plaintiffs state that they have no knowledge of the identity of the current income partners of SHSL.

47. The plaintiffs state that they have no knowledge of the terms under which the income partners of SHSL are employed.

48. The plaintiffs state that they have no knowledge when the listed people became income partners of SHSL.

49. Admitted.

50. The plaintiffs state that they have no knowledge of the truth or falsity of this fact.

51. The plaintiffs state that they have no knowledge of the truth or falsity of this fact.

52. The plaintiffs state that they have no knowledge of the truth or falsity of this fact.

53. Denied.

54. The plaintiffs state that Robert Somma, the person who signed the Letter Agreements on behalf of SHSL, was the agent of the individual party defendants.

55. The plaintiffs state that this fact is irrelevant and immaterial.

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS

1. The Letter Agreements contain an integration clause which states that the Letter Agreements supercede all prior agreements and undertakings. (Complaint, Exs. B & C).

2. After Mecsas received the erroneous deferred compensation installment payment, in 2002, the next due payment from SHSL was a capital account installment payment due January 21, 2003. (Mecsas Affidavit at ¶ 9).

3. Lawyers from other offices of SHSL had a great deal of contact with the Boston office including: the Agreement to which I refer in Paragraph 3 above was negotiated primarily in Boston and Philadelphia; Ralph Wellington, the Chairman of SHSL, visited the offices

of SHGM on a regular basis to conduct business of SHSL, including that of its Boston office; Executive Committee meetings of SHSL would sometimes be held in Boston; various SHSL attorneys would come to the Boston office of SHSL in connection with attending depositions and other matters; Robert Somma, a former G&M shareholder, became a member of the SHSL Executive Committee in 2000 and remained a member until the end of 2002; SHSL partnership meetings would be held by teleconferencing; there were meetings in Boston of the firm-wide Business Practice Group; there were SHSL marketing and administration meetings held in Boston; SHSL partners from the Boston and Philadelphia offices solicited business in Massachusetts and they met with representatives of Massachusetts entities and made presentations in Massachusetts concerning their expertise; collection of receivables generated by the Boston office was coordinated through the main office in Philadelphia and personnel in Philadelphia often made collection calls to clients in Massachusetts.

4. The computation of the deferred compensation due to a party to the Deferred Compensation Agreement was done by totaling the five highest years of the party's compensation over the previous ten years and then determining the average by dividing by five. (Deferred Compensation Agreement attached as Exhibit D to the Declaration of Diana S. Donaldson ("Declaration" at ¶3(a)(i)). This amount is multiplied by 150% in order to determine the Maximum Deferred Compensation Benefit. (Id.) Then, an Applicable Vesting Factor and an Applicable Age Factor is applied (Declaration, Ex. D at ¶¶ 1.1, 1.2, 3(d)). This amount is further reduced by the value, in the case of a former shareholder of Goldstein & Manello ("G&M"), of that shareholder's interest in the G&M Profit Sharing Plan. (Declaration, Ex. D at ¶ 3(g)(i)). This produces a net benefit value.

5. Mecsas' and Hillman's capital account balances as of December 31, 2001 are set forth in each of their Letter Agreements as a single number. (Complaint, Exs. B and C ¶ 3).

6. SHGM was not a separate entity. Rather, it was the name SHSL did business as at its Boston office (Mecsas Affidavit, ¶ 5).

7. When the complaint was filed, SHSL owed Mecsas $27,207.96, less any applied interest, as of January 21, 2003 and $19,383.41 as of July 1, 2003. Since then, he is owed another $19,383.41 as of December 1, 2003 and $46,591.37 on his capital account as of January 21, 2004. In total, SHSL now owes Mecsas $112,566.15 (Complaint, Ex. B. Mecsas Aff. ¶ 9).

8. When the complaint was filed, SHSL owed Hillman $34,038.72 on his capital account as of June 30, 2003 and $13,125.20 of deferred compensation as of July 1, 2003. Since then, SHSL owes him another payment of deferred compensation as of December 1, 2003 for a total owed by SHSL to Hillman of $60,289.12 (Complaint, Ex. C, Attachment).

9. The SHSL Partnership Agreement and the SHSL Deferred Compensation Agreements exclude the individual partners from liability under those agreements. The Mecsas Letter and the Hillman Letter do not. (Declaration Exs. A-E).

10. The Complaint in this action was served upon the defendants by certified mail, return receipt requested.

                                      Respectfully submitted,
                                      MICHAEL E. MESCAS and
                                      DONALD C. HILLMAN,

                                      */s/ Carol R. Cohen*
                                      Robert C. Gerrard/BBO #189800
                                      Carol C. Cohen/BBO #088660
                                      Davis, Malm & D'Agostine, P.C.
                                      One Boston Place
                                      Boston, MA 02108
                                      617-367-2500

Dated: April 19, 2004

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY THAT ON THIS DAY A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY ~~BY MAIL~~/BY HAND ON 4/19/04
DATED /s/ Carol R. Cohen
SIGNATURE

8



# DAVIS MALM &
# DAGOSTINE P.C.
### ATTORNEYS AT LAW



Robert C. Gerrard
Carol R. Cohen

Julian J. D'Agostine
C. Michael Malm
William F. Griffin, Jr.
Robert C. Gerrard
John G. Serino
Gary S. Matsko
Judith Ashton
John T. Lynch
Carol R. Cohen
Howard P. Speicher
Paul L. Feldman
Gary M. Feldman
George A. Hewett
Laurence M. Johnson
Kenneth J. Mickiewicz
Thomas S. Fitzpatrick
Whitton E. Norris, III
J. Gavin Cockfield
Andrew D. Myers
Robert J. Galvin
John D. Chambliss
Thomas Frisardi
Marjorie Suisman
Samuel B. Moskowitz
Robert J. Diettrich
Amy L. Fracassini
Ann M. Sobolewski
Siobhan M. Sweeney
Alice A. Kokodis
Kathryn C. Soderberg
Christopher T. Meier
Joshua S. Grossman
Neal J. Bingham

Harold R. Davis,
of Counsel

April 19, 2004

Clerk of Civil Business
United State District Court
District of Massachusetts
1 Courthouse Way
Boston, MA  02210

Re:  <u>Donald C. Hillman, et al v. Schnader Harrison Segal & Lewis, LLP et al</u>

Dear Sir or Madam:

Enclosed please find for filing the following:

1.  Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings and/or For Summary Judgment; and

2.  Response to Defendants' Statement of Material Facts.

Thank you for your attention to this matter.

Very truly yours,

*Carol R. Cohen*

Carol R. Cohen

Enclosure:vlr
cc:   Michael DeMarco, Esq.
      Daniel E. Rosenfeld, Esq.

*direct   direct fax*
*email*

ONE BOSTON PLACE • BOSTON • MA • 02108
617·367·2500  •  fax 617·523·6215
www.davismalm.com



Celebrating 25 Years